No. 04-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 164

KRIST MATTHEWS,

        Plaintiff and Respondent,

  v.

DON K CHEVROLET and JOHN DOES 1 and 2,

        Defendants and Appellants.


APPEAL FROM:   District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV 2003-282(C),
                    Honorable Stewart E. Stadler, Presiding Judge


COUNSEL OF RECORD:

        For Appellants:

                John R. Quatman, Quatman & Quatman, Whitefish, Montana

        For Respondent:

                Dean D. Chisholm, Kaplan & Chisholm, Columbia Falls, Montana


                            Submitted on Briefs: August 18, 2004

                                     Decided: June 28, 2005


Filed:

                    _____
                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Don K Chevrolet (Don K) appeals from the order entered in the Eleventh Judicial District Court, Flathead County, denying its motion to set aside the entry of the default and the default judgment awarding $185,000 in damages to Krist Matthews (Matthews).  We affirm.

¶2      We restate the issue on appeal as follows:

¶3      Did the denial of Don K's motion to set aside the entry of the default and the default judgment constitute a slight abuse of discretion?

*FACTUAL AND PROCEDURAL BACKGROUND*

¶4      Matthews is one of five employees whose employment was terminated by Don K in what he describes was a "housecleaning" by Don K's management.  Of the five, Wade Fish was the first to challenge the termination by filing suit against Don K.  The four other employees, including Matthews, who were all, like Fish, represented by Dean Chisholm (Chisholm), sought to consolidate their claims into one action against Don K by moving to join Fish's action as additional parties.  However, Don K, who was represented on all the claims by Jack R. Quatman (Quatman), opposed the request, and the District Court denied it, requiring the employees to file individual actions.

¶5      Matthews then filed his own action, alleging that Don K wrongfully terminated his employment and withheld wages. On or about September 11, 2003, Chisholm forwarded the summons and complaint, with an acknowledgment of service, to Quatman, who had previously advised Chisholm that he would accept service on behalf of Don K in all of the

individual actions. The summons advised Don K that "in case of your failure to appear or respond, judgment will be taken against you, by default, for the relief prayed for in the Complaint," within twenty days after service of the summons.

¶6     On October 14, 2003, Quatman signed the acknowledgment of service and gave it, with the summons and complaint, to his legal assistant, who was to mail the acknowledgment of service to Chisholm, calendar the due date for filing of the answer, and open a file. The assistant mailed the signed acknowledgment of service to Chisholm, who filed it with the District Court. However, the assistant failed to calendar the answer's due date, and further, misfiled Matthews' summons and complaint in the Fish file. An answer was not filed within twenty days of Quatman's acknowledgment of service, and thereafter, on November 7, 2003, Chisholm filed a praecipe for default, which was entered by the Clerk of Court.

¶7     Chisholm then requested a hearing on entry of a default judgment and damages, which was set for December 11, 2003, and filed a notice of hearing with the Clerk of Court. On December 4, 2003, Chisholm wrote a letter to Quatman advising that Chisholm had caused a default to be entered against Don K in Matthews' action, stating "I am not thrilled about having taken the default, but frankly, after your client said he wanted to play hardball and requested Rule 11 sanctions against me, I am not entirely morose either." Chisholm further advised that a hearing had been scheduled on judgment and damages for December 11, 2003. However, no one attended the hearing on behalf of Don K and an appearance was not otherwise filed in the action. Following the hearing on December 11, 2003, for which

3

Matthews traveled from Washington to testify, the District Court entered a default judgment against Don K for $185,000.

¶8 On December 18, 2003, a writ of execution was issued by the District Court requiring the sheriff to satisfy the judgment against the property of Don K. On January 7, 2004, Don K filed an *ex parte* motion to stay the writ of execution, which was granted by the District Court, and also filed a motion to set aside the default and the default judgment. The District Court did not rule on the motion within sixty days, and, therefore, it was denied by operation of Rule 60(c), M.R.Civ.P. Don K appeals therefrom, challenging the entry of the default and the default judgment. The amount of damages awarded by the District Court is not challenged.

### STANDARD OF REVIEW

¶9 In reviewing a default judgment, we are guided by the principle that every litigated case should be decided on its merits; judgments by default are not favored. *Peak Dev., LLP v. Juntunen*, 2005 MT 82, ¶ 8, 326 Mont. 409, ¶ 8, __ P.3d __, ¶ 8. When an appeal is from a denial of a motion to set aside a default judgment, our standard of review is that only a slight abuse of discretion need be shown to warrant reversal. *Peak,* ¶ 8; *Lords v. Newman* (1984), 212 Mont. 359, 364, 688 P.2d 290, 293. The party seeking to set aside a default judgment has the burden of proof. *Peak,* ¶ 8.

### DISCUSSION

¶10 **Did the denial of Don K's motion to set aside the entry of the default and the default judgment constitute a slight abuse of discretion?**

¶11 Don K argues that the District Court should have granted its motion to set aside the default and the default judgment because it satisfied the good cause criteria under Rule 55(c), M.R.Civ.P., and also satisfied the more stringent excusable neglect standard under Rule 60(b)(1), M.R.Civ.P. Further, Don K contends that the facts establish "extraordinary circumstances" which justify setting aside the default judgment pursuant to Rule 60(b)(6), M.R.Civ.P.

¶12 Recently, in *Essex Ins. Co. v. Jaycie, Inc.*, 2004 MT 278, 323 Mont. 231, 99 P.3d 651, we clarified the standards to be applied in setting aside defaults and default judgments. We held that when the issue is setting aside an entry of default judgment under Rule 60(b)(1), M.R.Civ.P., either alone or in conjunction with an entry of default, we will apply the *Blume* standard. *Essex,* ¶ 12 (referencing *Blume v. Metro. Life Ins. Co.* (1990), 242 Mont. 465, 467, 791 P.2d 784, 786 (overruled in part on other grounds)). We clarified the criteria that must be satisfied by a defaulting party to set aside a default judgment, as follows:

> (1) the defaulting party proceeded with diligence; (2) the defaulting party's neglect was excusable; (3) the defaulting party has a meritorious defense to the claim; and (4) the judgment, if permitted to stand, will affect the defaulting party injuriously.

*Essex*, ¶ 11. *See also Peak*, ¶ 11. *Essex* was decided while this case was pending, and the parties did not have the benefit of our holding for their briefing. Nonetheless, both parties have offered arguments in accordance with the *Blume* standard for setting aside a default judgment, and therefore, have provided an appropriate analysis, consistent with *Essex*, for our consideration.

5

¶13 On behalf of Don K, counsel argues that his failure to file an answer to Matthews' complaint was not due to mere carelessness or ignorance of the law, but was a result of his law practice being in a "state of confusion." He notes that his office relocated in "September 2003, at or about the same time as Matthews' complaint was served," and that his legal assistant was experiencing personal problems during that time. He explains that these problems contributed to his assistant's failure to calendar the answer and her misfiling of the summons and complaint in the Fish file, as well as to his inattentiveness in failing to make further inquiries on the matter.

¶14 Examination of the record reveals that there was ample opportunity to answer Matthews' complaint. Counsel's affidavit in support of the motion to set aside the judgment states that the move of his law practice occurred "late September through early October." Thus, the acknowledgment of service, mailed to counsel's office on or about September 11, 2003, arrived a few weeks before the move, and was not signed, which commenced the twenty-day time period to file an answer, until October 14, 2003, well after the move was completed. Matthews sought entry of default on November 7, 2003, four days after the twenty-day period had expired, approximately one month after the office move, and about fifty-seven days after the summons and complaint had originally been provided with the acknowledgment of service.

¶15 We do not doubt that the referenced personal and professional difficulties contributed to the failure to answer the complaint. However, even if we were to conclude that these problems constituted excusable neglect for failing to timely answer the complaint, that was

6

not the end of the matter. We cannot ignore the fact that Chisholm thereafter forwarded a letter which gave notice that a default had been entered against Don K, and, further, advised of the scheduled hearing on Matthews' request for a default judgment and damages. Despite this notice, which Don K does not affirmatively challenge in its briefing on appeal[1], Don K neither participated in the default judgment hearing nor filed an appearance in the action. Following the hearing, for which Matthews traveled from out-of-state to testify, the District Court entered a judgment for damages, and thereafter, issued a writ of execution. At that point, the lack of attention to Matthews' complaint was a serious disregard of the judicial process, and cannot be considered excusable neglect under Rule 60(b)(1), M.R.Civ.P., and the *Blume* test. "Such a conclusion would fail to recognize the significance of the entry of judgment and undermine respect for the courts." *Peak*, ¶ 16. So concluding, we need not address the additional elements of the *Blume* test.

¶16     We then turn to Don K's argument that this situation demonstrates "extraordinary circumstances" justifying setting aside the default judgment pursuant to Rule 60(b)(6), M.R.Civ.P. We note initially that Don K's argument here is summarily made with no offer or explanation of authority demonstrating that relief under Rule 60(b)(6) has been granted by this Court, or under equivalent rule by other courts, in these or similar circumstances.

---

[1]Don K does not mention the letter and notice in its opening brief. In its reply brief, Don K merely repeats the statement made in its District Court reply brief, that "[i]f that letter had been received[,] counsel would most certainly have attended the hearing and filed a Motion to Set Aside forthwith." Don K offered no evidence in the District Court to dispute the presumption that the letter and notice mailed to its counsel were received. *See* § 26-1-602(24), MCA.

7

¶17    We have clarified what situations in which Rule 60(b)(6), M.R.Civ.P. is to be applied:

> [R]elief is available under Rule 60(b)(6), M.R.Civ.P., for situations other than those enumerated in the first five subsections of the rule. Rule 60(b)(6) applies when the movant demonstrates each of the following elements: 1) extra-ordinary circumstances including gross neglect or actual misconduct by an attorney; 2) the movant acted to set aside the judgment within a reasonable time period; and 3) the movant was blameless.

*Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, ¶ 14, 10 P.3d 99, ¶ 14 (referencing *Karlen v. Evans* (1996), 276 Mont. 181, 190, 915 P.2d 232, 238); *see also Klapprott v. United States* (1949), 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266, 277 ("In simple English, the language of the 'other reason' clause [of Rule 60(b)(6) is] for all reasons except the five particularly specified [in Rule 60(b)(1)-(5)] . . . ."). Thus, had Don K established that the circumstances surrounding its failure to answer constituted excusable neglect, it would have been eligible for relief under Rule 60(b)(1), M.R.Civ.P., which is mutually exclusive from relief available under Rule 60(b)(6), M.R.Civ.P.

¶18    Further, we cannot conclude from our case law that counsel's actions constituted gross negligence or actual misconduct required by the Rule. In *Lords v. Newman* (1984), 212 Mont. 359, 688 P.2d 290, which addressed an entry of default, defendants argued that the district court erred in denying their motion to set aside the default in light of the actions of their attorney, Simmons. Contrary to defendants' instructions, Simmons entered a general appearance in an action on behalf of all the defendants, despite the fact that all of them had not yet been served, and despite the fact that he was not authorized to represent all of the defendants. *Lords*, 212 Mont. at 361, 688 P.2d at 291-92. This was the first and only action Simmons took in this case, as he then "essentially disappeared from sight," leaving the

defendants, who had now appeared in the matter against their wishes, unrepresented. *Lords*, 212 Mont. at 361, 688 P.2d at 292. After making repeated inquiries, learning that Simmons had made an appearance, and learning that an entry of default had been entered, the defendants immediately retained new counsel and filed a motion to set aside the default, which the court denied. We reversed the district court on the basis of the attorney's conduct:

> In the case at bar, Simmons' actions do not constitute mere bungling of his duties or ineffective representation. Simmons totally abandoned his clients and disappeared from sight. To add insult to injury, before disappearing, Simmons made a general appearance on behalf of the clients who had neither been served with process nor authorized him to act.

> Under these circumstances we find it unconscionable to apply the general rule charging the client with the attorney's neglect. [Defendant's] testimony indicates that reasonable attempts were made to check on the progress of the case. Where an attorney's failure to represent a client constitutes actual misconduct, the client should be granted relief from the default.

*Lords*, 212 Mont. at 367-68, 668 P.2d at 295. In contrast, counsel here did not appear without Don K's authorization, act in conflict with Don K's direct instructions or completely abandon Don K's interests. Indeed, counsel was actively representing Don K in the four allied actions, and moved to set aside the default in this action. Clearly, any neglect arising from moving the office or personal problems did not rise to the misconduct at issue in *Lords*.

¶19    Don K argues that it "was never served and was totally blameless" and further asserted, by counsel's affidavit, that "[f]ailure to answer the complaint was not attributable to the client since the client did not know of the pending law suit." However, the record discloses that Don K had notice of this claim, with the other four plaintiffs' claims, early in the litigation, when Matthew and other plaintiffs attempted to consolidate their claims by

9

joining Fish's action as co-plaintiffs. Don K opposed the consolidation of the claims, and wanted each plaintiff to file separate actions. It is incongruous for Don K to seek relief because of "the misfiling of Matthews' paperwork in a similar action involving the same client" within counsel's office, when it was Don K's litigation strategy which spawned the multiple suits in the first place. Under these circumstances, we cannot conclude that Don K is completely innocent in the matter or that "the movant was blameless" for purposes of Rule 60(b)(6), M.R.Civ.P. Therefore, in accordance with the general rule, any neglect of counsel here is properly charged to the client.

¶20 The District Court's denial of Don K's motion to set aside the entry of default and default judgment did not constitute a slight abuse of discretion. Affirmed.

/S/ JIM RICE

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

Justice John Warner, dissenting.

¶21    I must disagree with the Court's decision to affirm the default judgment against Appellant Don K Chevrolet.  In my opinion the Court reaches the wrong conclusion because it applies the slight abuse of discretion standard to its analysis, rather than giving a liberal interpretation to the provisions of Rule 60(b), M.R.Civ.P., concerning relief from a default judgment.

¶22    The same year Montana became a state, this Court held that the correct standard for reviewing the denial of a motion to set aside a default is as follows:

> In the case of *Watson v. San Francisco etc. R. R. Co.*, 41 Cal. 20, the court says:  "As a general rule, however, in cases where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve.  The exercise of the mere discretion of the court ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and, when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application."
>
> The above, we think, recites the correct principle which should guide courts on a question of this kind.

*Benedict v. Spendiff* (1889), 9 Mont. 85, 88, 22 P. 500.  With remarkable consistency, the Court has articulated the essence of this principle for 116 years.

¶23    In *Brothers v. Brothers* (1924), 71 Mont. 378, 230 P. 60, Justice Rankin remarked "[n]o great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal, for the courts universally favor a trial on the merits." *Brothers*, 71 Mont. at 379, 230 P. at 61.  This led to the later statement in *Madson v. Petrie Tractor & Equipment Co.* (1938), 106 Mont. 382, 388, 77 P.2d 1038, 1040, "[s]ince courts

11

universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order." Thus, a new standard was born and this Court has since said that a slight abuse of discretion is all that is required to reverse a District Court order denying a motion to set aside a default judgment. To me, the modifier "slight" is more of a distraction than of any help, because a District Court either abuses its discretion or it doesn't. Nevertheless, the adjective does not impair application of the underlying principle. So, if the standard is applicable, "slight" does no harm.

¶24 Several times in the recent past this Court has based its decision on whether a district court slightly abused its discretion concerning a default judgment, even though the motion to set aside such judgment was deemed denied because there was no ruling within the time provided by the Montana Rules of Civil Procedure. *Peak Development, LLP v. Juntunen,* 2005 MT 82, ¶ 7, 326 Mont. 409, ¶ 7, 110 P.3d 13, ¶ 7; *Sun Mountain Sports, Inc. v. Gore,* 2004 MT 56, ¶ 8, 320 Mont. 196, ¶ 8, 85 P.3d 1286, ¶ 8; *Tschida v. Rowe,* 2003 MT 192, ¶ 6, 316 Mont. 503, ¶ 6, 74 P.3d 1043, ¶ 6; *In re Marriage of Winckler,* 2000 MT 116, ¶ 1, 299 Mont. 428, ¶ 1, 2 P.3d 229, ¶ 1. In these cases it is possible that the district court exercised discretion by not ruling. Thus, application of the slight abuse of discretion standard in these opinions is not altogether unjustifiable.

¶25 However, in this case the District Court took the trouble to prepare and file a "Notice Of Denial" as follows:

> This matter is before the Court on Defendant's Motion To Set Aside Final Judgment Of Default. It was not the Court's intention to deny the motion by failing to rule within the required 60 day time period. The file was

not calendered as a 60 day motion and when brought to the Court's attention the 60 day period had expired. The Court now enters the following:

NOTICE

The partys [sic] are hereby put on notice that by operation of law the Court is without jurisdiction to rule on Defendant's motion and it is deemed DENIED as of March 9, 2004.

¶26 Because of an acknowledged mistake in calendering this case, the District Court did not exercise any discretion at all. The slight abuse of discretion standard should not be applied under these circumstances. This Court makes the decision here by itself and should acknowledge that fact.

¶27 Considering the record presented, recognizing the policy that a decision on the merits is preferable, and applying the rule that when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the motion to set aside and I must cast my vote for a trial on the merits.

¶28 A lawyer's misfiling of a pleading in another active file of the same client has been found sufficient to set aside a default judgment by the District Court, and such decision affirmed by this Court. *Keller v. Hanson* (1971), 157 Mont. 307, 485 P.2d 705. A substantial factor in the decision of the District Court to enter the default judgment in question, and in the decision of this Court not to set it aside, is that counsel for Don K Chevrolet did not appear even though he was sent a letter by Matthews' counsel advising him that a default had been entered and that a hearing for entry of a default judgment was scheduled. I too find this matter of significance.

13

¶29    According to Don K Chevrolet's counsel, he had no idea that a default had been entered.  As soon as he discovered that the complaint had been misfiled in his office, he checked at the courthouse and found the default judgment.  He immediately moved to set it aside.  He filed a brief and an affidavit stating the reasons why his client had made no appearance. He did not mention the letter from Matthews' lawyer advising him a default had been taken, or the notice of the hearing to enter a default judgment, in either his brief or his affidavit.  Copies of the letter and notice were appended to counsel for Matthews' response brief.  Then, in his reply brief, which he refers to in his reply brief filed in this Court, counsel for Don K Chevrolet stated to the District Court:

> . . . Counsel has referred to a letter which he sent to the office noticing the default hearing date.  That letter was never received at this office.  Had it been received, I would have immediately filed a motion to set aside the default and I most definitely would had [sic] been at the court hearing.

¶30    The District Court, because of its own mistake, developed no record on this matter, and gave no consideration at all to whether Don K Chevrolet's counsel actually did receive the letter and notice.  There is no way for this Court to make a determination of the credibility of counsel's statement that the letter and notice were not received.  This state of affairs is in no way the fault of Don K Chevrolet or its counsel.

¶31    The entry of a default judgment that includes $88,608 in punitive damages which requires proof by clear and convincing evidence, § 27-1-221(5), MCA; the understandable mistake of counsel; the short delay between the time of entry of the default judgment and the motion to set it aside; and the subsequent mistake which led to a complete lack of

14

consideration by the District Court; cause me to hesitate.  Thus, I am constrained by the time honored rule to resolve the doubt in favor of setting aside the judgment.  I dissent.

/S/ JOHN WARNER

Justice Patricia O. Cotter joins in the dissent of Justice Warner.

/S/ PATRICIA O. COTTER