DA 07-0060

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 35

ABC COLLECTORS, INC., a Montana Corporation,

      Plaintiff,

   v.

KATHY BIRNEL, KENNETH BIRNEL,

      Defendants, Third-Party Plaintiffs and Appellees,

   v.

WESTERN MUTUAL INSURANCE,

      Third-Party Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 2004-852(A)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Angela K. Jacobs, Bryce R. Floch, Hammer, Hewitt, Jacobs & Floch,
PLLC, Kalispell, Montana

      For Appellees:

            Daniel W. Hileman, Kaufman, Vidal, Hileman & Ramlow, P.C.,
Kalispell, Montana

                  Submitted on Briefs:  September 12, 2007

                            Decided:  February 5, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1  Appellant Western Mutual Insurance (WMI) appeals an order of the Eleventh Judicial District dated December 11, 2006, which reinstated a default judgment originally entered against WMI on June 7, 2005. The reinstated default judgment awarded damages to Appellees Kathy and Kenneth Birnel for breach of contract and various violations of the Montana Unfair Trade Practices Act, §§ 33-18-101 through 1006, MCA (UTPA). We reverse the District Court's reinstatement of the June 7, 2005 default judgment and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2  The Birnels were insured by WMI. They submitted claims for medical bills to WMI which were not paid. As a result of the non-payment, ABC Collectors sued the Birnels for the medical expenses. The Birnels, in turn, filed a third-party complaint against WMI on March 21, 2005, claiming that WMI committed breach of contract and violated various provisions of the UTPA when it failed to pay for medical services received by Kathy Birnel.

¶3  Because WMI is a foreign insurer, the insurance commissioner is designated as its attorney to receive service of process under § 33-1-601, MCA. Accordingly, WMI's complaint and summons were sent to the commissioner for service upon WMI. The insurance commissioner forwarded this summons to WMI, but WMI never responded. The Birnels moved for an entry of default judgment which was granted on June 7, 2005.

¶4  On June 13, 2005, WMI filed a motion to set aside the default judgment. As it explained in its motion, WMI had changed its address in May of 2000 and had notified

2

the commissioner by letter of its new location. However, WMI did not complete a 1042 form, which the insurance commissioner claimed was required in order to effect a change of address for service of process purposes. As a result, the insurance commissioner sent service of process to WMI's former address, and WMI never received it. Claiming the commissioner erred by sending the summons and complaint to the wrong address, WMI moved to set aside the default judgment, pursuant to M. R. Civ. P. 60(b).

¶5 On July 28, 2005, the District Court granted WMI's motion and set aside the default judgment. On August 2, 2005, the Birnels filed a motion to reconsider, seeking to have the default judgment reinstated. On August 25, 2005, the Birnels also filed a notice of appeal, challenging in this Court the District Court's grant of WMI's motion to set aside the default judgment. The next day, August 26, 2005, the District Court granted the Birnels' motion to reconsider and reinstated the default judgment, prompting the Birnels to withdraw their notice of appeal. On August 30, 2005, out of concern that their previous notice of appeal might have divested the District Court of jurisdiction, the Birnels moved the District Court to reissue its previous order granting their motion to reconsider. According to the District Court docket, the District Court did not rule on this motion, but did issue a scheduling order on September 7, 2005. On September 21, 2005, WMI appealed the District Court's August 26, 2005 order reinstating the default judgment to this Court.

¶6 WMI's appeal led to our decision in *ABC Collectors, Inc. v. Birnel*, 2006 MT 148, 332 Mont. 410, 138 P.3d 802 ("*Birnel I*"), wherein we reversed the reconsideration of the motion to set aside the default judgment, and remanded the case back to the District

3

Court.  In *Birnel I,* we held that the Birnels' motion for reconsideration was not authorized by the Montana Rules of Civil Procedure, and that by filing a notice of appeal on August 25, 2005, the Birnels had in any event divested the District Court of jurisdiction to entertain the motion to reconsider in the first place.  *Birnel I*, ¶¶ 18-19.

¶7     After remand, on November 6, 2006, the District Court denied a motion filed by the Birnels under M. R. Civ. P. 59(g) to alter or amend the order setting aside the default judgment.  The District Court then entertained a motion for partial summary judgment filed by WMI, setting oral argument on the motion for November 17, 2006.  During oral argument, though no motion was before the District Court, the Birnels asserted that their August 30, 2005 motion to reissue the District Court's previous order reinstating the original default judgment was still on the table, and urged the District Court to simply "reissue" this order once again.

¶8     On December 11, 2006, the District Court, *sua sponte*, reinstated the default judgment originally entered against WMI on June 7, 2005.  The District Court concluded that it had erred in previously setting aside the default judgment because WMI had failed to establish good cause to set aside the default judgment as required under *Matthews v. Don K. Chevrolet*, 2005 MT 164, 327 Mont. 456, 115 P.3d 201.

¶9     WMI now appeals this latest order from the District Court, arguing it is in violation of M. R. Civ. P. 55(b)(2), and that the District Court substantially abused its discretion in issuing it.  Because we find WMI's argument under M. R. Civ. P. 55(b)(2) dispositive, we reverse the District Court on that ground and do not address the other arguments WMI raises on appeal.

4

**STANDARD OF REVIEW**

¶10 Default judgments are not favored, in deference to the principle that every litigated case should be decided on its merits. *Matthews*, ¶ 9. Thus, we review an appeal from a denial to set aside a default judgment for only a slight abuse of discretion. *Matthews*, ¶ 9.

**DISCUSSION**

¶11 *Did the District Court violate M. R. Civ. P. 55(b)(2) and abuse its discretion when it reinstated the June 7, 2005 default judgment against WMI?*

¶12 We agree with WMI that the reinstatement of the original default judgment by the District Court was done in violation of M. R. Civ. P. 55(b)(2), thereby constituting an abuse of discretion by the District Court. This rule states in pertinent part:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . . If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

¶13 This Rule does not permit the District Court to enter a default judgment *sua sponte* and without application by a party, as it did here when it reinstated the default judgment against WMI which it had previously set aside. Further, the Rule requires that the party against whom judgment is sought be served with written notice of the application for the judgment at least three days in advance. Neither of these aspects of the Rule was satisfied here. Moreover, even assuming that the Birnels had filed a new motion with the District Court asking it to reconsider and "reissue" its previous order reinstating the June 7, 2005 default judgment, it should be abundantly clear from *Birnel I* that such a motion is not permitted under the Montana Rules of Civil Procedure. As we stated in *Birnel I*,

5

> Notwithstanding their argument on appeal, the Birnels' motion for reconsideration failed to refer at all to Rule 59, M.R.Civ.P. Nor did it discuss a "manifest error of law." Instead, the Birnels' motion for reconsideration merely restated their argument that WMI had not established the excusable neglect necessary to set aside a default judgment. We conclude the Birnels' motion for reconsideration was not in the nature of a Rule 59(g), M.R.Civ.P., motion to alter or amend the judgment. The motion was precisely what it purported to be—a motion for reconsideration not authorized by Montana civil procedure rules.

*Birnel I*, ¶¶ 17-18 (citing *Nelson v. Driscoll*, 285 Mont. 355, 359, 948 P.2d 256, 258 (1997)).

¶14 The August 30, 2005 motion to "reissue" the District Court's previous order of default judgment is precisely the type of motion which we *explicitly* stated in *Birnel I* is not allowed under the Montana Rules of Civil Procedure. It is devoid of any reference to M. R. Civ. P. 59 whatsoever. And, in fact, the District Court had already denied a motion filed by the Birnels to amend or alter the order setting aside the default judgment pursuant to M. R. Civ. P. 59(g) on November 6, 2005. Thus, the District Court abused its discretion in *sua sponte* reconsidering the question and "reissuing" its previous order granting a default judgment against WMI. While this ruling would normally conclude our Opinion, we proceed further for the reasons set forth below.

¶15 In arguing against WMI's appeal, the Birnels ask us to reach the merits of the propriety of the earlier entry of default judgment against WMI. They contend that § 33-1-601, MCA, requires foreign insurers such as WMI to submit a 1042 form whenever they wish to change their designated address for receiving out-of-state service of process, and that WMI's failure to submit this form is fatal to its attempt to set aside the default judgment. In light of the tortured path this case has taken—with two appeals

before the default issue is even resolved—we conclude that the interests of judicial economy compel us to address this question notwithstanding our procedural ruling in favor of WMI. We begin with § 33-1-601, MCA, which reads as follows:

**Commissioner—attorney for service of process**.

(1) Each insurer applying for authority to transact insurance in this state shall appoint the commissioner as its attorney to receive service of legal process issued against it in Montana. Service of legal process under this section means a summons and a complaint. The appointment must be made on a form designated and furnished by the commissioner. The appointment is irrevocable, binds the insurer and any successor in interest or to the assets or liabilities of the insurer, and remains in effect as long as there is in force in Montana any contract made by the insurer or obligations arising from a contract.

(2) Each insurer at the time of application for a certificate of authority shall file with the commissioner the name and address of the person to whom process against it served upon the commissioner is to be forwarded. The insurer may change the designation by a new filing.

¶16 Section 33-1-601(1), MCA, compels an insurer to *appoint* the commissioner as its attorney to receive legal process, providing that "the appointment must be made on a form designated and furnished by the commissioner." WMI complied with this requirement in making the initial appointment. Section 33-1-601(2), MCA, simply provides that foreign insurers can *change* the name and address of the person who will receive out-of-state service "by a new filing." While the Birnels assert that this "new filing" can be accomplished only by way of the 1042 form, the statute does not say so.

¶17 We interpret statutes according to their plain meaning. *Sturchio v. Wausau Underwriters Ins. Co.*, 2007 MT 311, ¶ 10, 340 Mont. 141, ¶ 10, 172 P.3d 1260, ¶ 10. "Further, we refuse to insert 'what has been omitted or to omit what has been inserted.' " *Sturchio*, ¶ 10 (quoting Section 1-2-101, MCA). We agree with WMI that the plain

7

language of § 33-1-601, MCA, requires a designated form to make the initial appointment for service of process, but requires only a "new filing" for change of address for receiving out-of-state service of process. Section 33-1-601, MCA, simply does not by its terms require the use of a particular form for the accomplishment of such change of address. The District Court should take account of this conclusion in the event it is called upon on remand to once again analyze the propriety of a default judgment against WMI.

## CONCLUSION

¶1    Accordingly, we reverse the District Court's reinstatement of the June 7, 2005 default judgment and remand for further proceedings consistent with this Opinion.


/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ JOHN WARNER