DA 08-0259

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 45N

MATHEW WEST, d/b/a TOP TO BOTTOM
CONSTRUCTION,

      Plaintiff and Appellee,

  v.

DEVRA WEST and CHRIS HAYWOOD,
d/b/a HAYWOOD STONEWORKS,

      Defendants and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 2007-320(B)
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Scott G. Hilderman, Johnson, Berg, McEvoy & Bostock, PLLP, Kalispell,
Montana

        For Appellee:

            Anne G. Biby, Hash & O'Brien, PLLP, Kalispell, Montana

                    Submitted on Briefs:  January 14, 2009

                              Decided:  February 18, 2009

Filed:

            _____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Chris Haywood (Haywood) appeals an order in the Eleventh Judicial District Court denying his motion to set aside a default judgment against him. We conclude the District Court did not err in denying Haywood's motion and affirm its decision.

¶3 Haywood and his mother Devra West (Devra) reside in Lakeside, Montana. Haywood states that he is the project manager for Sanctuary Environments, LLC (Sanctuary), a business which is involved in buying and remodeling homes and then selling them for a profit. In December 2006, Haywood contracted with plaintiff and appellee Matthew West (West), d/b/a Top to Bottom Construction, to have West build a concrete patio and deck at Devra's house which is located at 525 Political Hill in Lakeside.

¶4 A dispute later arose among Haywood, West, and Devra. This dispute led West to file a complaint against Haywood and Devra on March 8, 2007. Devra and Haywood were each served with the summons and complaint on May 24, 2007. Haywood claims that when he received the summons and complaint, he contacted Devra as well as Geoffrey Reynolds (Reynolds), the business manager of Sanctuary, and he delivered the

2

complaint to Reynolds. After receiving the complaint, Reynolds contacted West's attorney on June 11, 2007, asking for additional time to respond. The request was granted. Both Reynolds and Haywood state that Reynolds then forwarded the complaint and summons to Sanctuary's corporate attorney, Jack Quatman (Quatman). Reynolds claims that he instructed Quatman to handle these legal matters, and file an answer to the complaint for both Haywood and Devra. Haywood claims that Reynolds told him that Quatman would provide the necessary responses to the complaint and take care of the legal matters pending against him.

¶5     Quatman did file an answer for Devra, but did not file an answer on Haywood's behalf. On August 10, 2007, West moved for an entry of default against Haywood. The default was granted by the clerk of court that same day. On September 7, 2007, West moved for default judgment against Haywood, and served Quatman with the motion. On November 5, 2007, Quatman filed a motion to withdraw as counsel for Devra, citing a deterioration of the attorney-client relationship. This motion was served on Devra. Subsequently, West filed a request for a hearing on damages against Haywood, and served the pleading on Quatman. The court set and re-set the hearing at plaintiff's request; one of these orders was served on Quatman, the other was served on Devra. Ultimately, the court granted Quatman's motion to withdraw his appearance on January 10, 2008, and service of this order was made on Devra. On February 27, 2008, the District Court held a hearing on West's motion. Haywood, representing himself, attended the hearing.

¶6 At the hearing, Haywood told the District Court that he just learned of the pending motion for default judgment the day before the hearing. He also claimed that he thought Quatman represented both he and his mother Devra. The District Court seemed unconvinced, noting that the motion had been pending before the District Court for several months, and told Haywood that he would have to obtain counsel and file the appropriate motions if he believed he had a basis upon which to oppose the motion for default judgment. The default judgment was entered that day.

¶7 Haywood subsequently obtained counsel and moved to set aside the default judgment. The District Court denied Haywood's motion on April 30, 2008. In its order, the District Court found that Haywood had failed to meet the requirements to set aside a default judgment under M. R. Civ. P. 60(b). The District Court stated that in order to set aside the default judgment, Haywood must show that the judgment was based upon mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief. The District Court noted that Haywood was clearly aware of and had notice of the action pending against him, and could not claim he was an unsuspecting and unaware defendant. Furthermore, the District Court did not find credible Haywood's claims that he believed Quatman was representing him all along. The District Court noted that Devra had been represented by Quatman during some of this time, and that both Haywood and his mother were in close contact. Yet Haywood did not explain why he never made any attempt to contact Quatman over his "assumed" representation, or whether or not he ever discussed these matters—including Quatman's representation of Devra alone and his subsequent withdrawal from the case—with Devra.

4

¶8 The District Court noted that prior to the entry of default against Haywood, Devra was served with a myriad of documents indicating that a suit was proceeding against both Haywood and Devra. These documents included Quatman's motion to withdraw and an order scheduling a hearing on this motion, as well as West's motion and order for a hearing on default judgment. Observing that it was not excusable neglect, mistake, or inadvertence for Haywood to simply ignore the matter during this time, the District Court found that there was no surprise in this case, and determined that Haywood had "cavalierly disregarded" the complaint and summons. The District Court noted that parties seeking relief from default judgment on the basis of surprise, inadvertence, or mistake, are denied relief based on their voluntary acts, including willful ignorance. The District Court, finding that Haywood had willfully ignored the action against him in this case, denied Haywood's motion to set aside the default judgment.

¶9 We review an appeal from a denial to set aside a default judgment for a slight abuse of discretion. *Matthews v. Don K Chevrolet*, 2005 MT 164, ¶ 9, 327 Mont. 456, 115 P.3d 201. The party seeking to set aside the default judgment has the burden of proving the following elements: (1) that he proceeded with diligence; (2) that his neglect was excusable; (3) that he has a meritorious defense to the claim; and (4) that the judgment, if permitted to stand, will effect him injuriously. *Matthews*, ¶¶ 9, 12.

¶10 Haywood has failed to demonstrate that the District Court slightly abused its discretion in denying his motion to set aside the default judgment. The District Court found that Haywood had not proceeded with diligence, and that his neglect was not excusable. The District Court did not find Haywood's explanation for his failure to

5

respond to the suit credible, and Haywood has not presented any argument demonstrating that the District Court erred in this regard. Haywood never disclosed whether he discussed these proceedings with his mother Devra; if he did discuss these proceedings, then he surely was aware that Quatman had not filed an answer on his behalf and had in fact withdrawn from the matter altogether. Moreover, Haywood does not aver that he did *not* discuss these matters with his mother. In sum, there were too many practical considerations left either questionable or unaddressed by Haywood, and for this and other reasons, the District Court did not find Haywood's explanation credible or his neglect excusable. Haywood has failed to demonstrate that the District Court erred in doing so.

¶11 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. As the District Court noted, Montana courts do not set aside default judgments where the defendant has chosen to ignore the complaint filed against him. *See e.g. Foster Apiaries, Inc. v. Hubbard Apiaries, Inc.*, 193 Mont. 156, 161-62, 630 P.2d 1213, 1216 (1981). It is manifest on the record before us that the District Court did not commit a slight abuse of discretion in its disposition of this matter. Therefore, we affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER

/S/ BRIAN MORRIS
/S/ JIM RICE