JUSTICE COTTER
dissents.
¶42 I respectfully dissent. I would reverse and remand with instructions to reinstate the default judgment against Zabawa.
¶43 Zabawa filed a motion to set aside default judgment on the exclusive grounds of mistake, inadvertence, and excusable neglect pursuant to Rule 60(b)(1). In response to Bartell’s argument that Zabawa failed to file her motion within sixty days of judgment as required by Rule 60(b)(1), Zabawa asserted the application of Rule 60(b)(6), allowing a default judgment to be set aside for “any other reason.” She claimed that, based on Maulding, Bartell’s improper conduct during claim processing supported her motion and reliance on Rule 60(b)(6).
¶44 The District Court acknowledged that Zabawa argued the applicability of both subsections (1) and (6) of Rule 60(b) and that she had not filed her motion within the sixty days required by 60(b)(1). To determine whether the judgment should be set aside under Rule 60(b), the court listed the four elements that a movant must prove: (a) that she proceeded with diligence; (b) that her neglect was excusable; (c) that she has a meritorious defense to her default; and (d) if permitted to stand, the judgment will affect her injuriously. Kootenai Corp. v. Dayton, 184 Mont. 19, 26, 601 P.2d 47, 51 (1979). Applying these elements to the facts of Zabawa’s case, but neglecting to address subsection (a), the District Court determined that Zabawa had satisfied subsections (b) through (d), and concluded that ‘but for” her failure to file her motion within the sixty-day time limit, Zabawa would have prevailed in having the judgment set aside under Rule 60(b)(1).
¶45 The court then proceeded to apply Rule 60(b)(6) which requires movant to demonstrate (1) extraordinary circumstances including gross neglect or actual misconduct by an attorney; (2) that she acted to set aside the judgment within a reasonable time period; and (3) that *224 she was blameless. The court, relying on Maulding, concluded that “given the circumstances involved here, Rule 60(b)(6) may be invoked which contains a time limit only of‘within a reasonable time.’ ”In its ruling, the District Court appeared to analyze only one of the three elements to be considered in a Rule 60(b)(6) analysis but nonetheless concluded that setting aside the default judgment was appropriate. I believe the District Court’s errors were two-fold: its initial error was to evaluate the case under Rule 60(b)(6) at all, but, having chosen to do so, it erroneously failed to consider all three required elements. I address only the court’s initial error in this dissent.
¶46 We have repeatedly held that relief is available under Rule 60(b)(6) only for reasons other than those enumerated in the first five subsections of the rule. In re Marriage of Waters, 223 Mont. 183, 724 P.2d 726 (1986); Koch v. Billings School Dist. No. 2, 253 Mont. 261, 833 P.2d 181 (1992); Essex. In other words, if the circumstances underlying the default judgment raise grounds covered under Rule 60(b)(l)-(5), Rule 60(b)(6) is not available for application. In fact, this Court reiterated this principle just last year, in an Opinion written by the author of this Opinion. In Profess. Sports v. Nat. Indoor Foot. League, 2008 MT 98, ¶ 54, 342 Mont. 292, 180 P.3d 1142, we said:
Relief is available under M. R. Civ. P. 60(b)(6) ‘for situations other than those enumerated in the first five subsections of the rule.” Matthews v. Don K Chevrolet, 2005 MT 164, ¶ 17, 327 Mont. 456, ¶ 17, 115 P.3d 201, ¶ 17 (internal citations omitted). We adopted in Matthews the U.S. Supreme Court’s interpretation of this rule. Matthews, ¶ 17. The U.S. Supreme Court explained that “[i]n simple English, the language of the ‘other reason’ clause [of Rule 60(b)(6) is] for all reasons except the five particularly specified [in Rule 60 (b)(l)-(5)]...” Klapprott v. U.S., 335 U.S. 601, 614-15, 69 S. Ct. 384, 390, 93 L. Ed. 266 (1949).
Given this correct statement of the law, I cannot understand or agree with the Court’s decision to affirm the District Court’s resort to Rule 60(b)(6) because relief would have been available under Rule 60(b)(1), but for the time bar. Opinion, ¶¶ 17 and 39.
¶47 In Essex, we explicitly stated that ‘before a party will be allowed to modify a final judgment -under Rule 60(b)(6), he must first show that none of the other five reasons in Rule 60(b) apply.” Essex, ¶ 23 (citing Waters, 223 Mont. at 187, 724 P.2d at 729) (examining the meaning of the “other reason” language in Rule 60(b)(6)). In Waters, the ex-wife sought to modify a marital dissolution decree approximately four years after it was entered. She argued application of Rule 60(b)(5) or (6), and *225 asked that the decree be modified to allow her to receive the retroactive benefits of the Uniformed Services Former Spouses’ Protection Act. This was an issue of first impression for this Court. We determined that none of the reasons set forth in Rule 60(b)(l)45) applied to Waters. We then evaluated her case under Rule 60(b)(6) and concluded that extraordinary circumstances existed. We therefore granted Waters the relief she sought. However, we then announced a new prospective rule, stating that ‘before a party will be allowed to modify a final judgment under Rule 60(b)(6), he must first show that none of the other five reasons in Rule 60(b) apply, and he must also demonstrate extraordinary circumstances in his case which justify relief.” Waters, 223 Mont. at 187, 724 P.2d at 729 (emphasis added). ¶48 The Waters ruling is supported by the language of the statute which provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
Rule 60(b)(l)-(6). As noted in Koch, 253 Mont. at 265, 833 P.2d at 183, the statute clearly uses the word “or” at the end of subsection (5), which means that a movant may not obtain relief under 60(b)(6) if the reason for seeking such relief is listed in 60(b)(l)-(5).
¶49 This is not a difficult process to apply. Simply stated, if the reasons for the motion to set aside a judgment are listed in subsections (1)45) and meet the criteria established in case law addressing those subsections, the district court renders its ruling based on the requirements of those subsections, including but not limited to any applicable filing deadline. Only after establishing that none of the reasons in subsections (1)45) apply to a movant’s claim, does the district court even consider subsection (6).
*226 ¶50 Applying this rule to the case at bar, Zabawa initially argued that subsection (1) applied to her case. However, upon being challenged for missing the sixty-day filing deadline, she argued that subsection (6) could be used to grant her relief. The District Court appears to have concluded that Safeco’s failure on Zabawa’s behalf to answer Bartell’s complaint constituted a mistake, was inadvertent, and/or qualified as excusable neglect under Rule 60(b)(1). The court then evaluated the case under the four elements listed above in ¶ 44 that a movant must show to obtain relief, and concluded that Zabawa had satisfied those elements. I believe the court erred in doing so. Having established that Zabawa’s claim was a subsection (1) claim, the court was required to deny her motion for failing to meet the sixty-day deadline imposed on subsection (1) claims. Once it was clearly established that the reasons in subsection (1) applied, subsection (6) was no longer available for application. The District Court’s failure to do this, in my opinion, was an abuse of discretion and effectuated an end run around the sixty-day limit imposed on subsection (1) claims. So, too, does this Court err in affirming the District Court’s decision.
¶51 There is no indication that Rule 60(b)(6) was intended to provide an opportunity for movants who missed the sixty-day deadline set forth in subsections (l)-(3). If such was the Legislature’s intention, why impose a sixty-day deadline at all? In Fuller v. Quire, 916 F.2d 358 (6th Cir. 1990), the Sixth Circuit Court of Appeals addressed this conundrum in the context of federal Rule 60(b) which contains a one-year deadline as opposed to our statute’s sixty-day deadline. The Circuit Court stated:
Rule 60(b)(1) authorizes the trial court to grant relief for “mistake, inadvertence, surprise, or excusable neglect,” but limits the exercise of that power to one year. Rule 60(b)(6) permits the court to grant relief from a judgment for “any other reason justifying relief from the operation of the judgment.” There is no time limit on the exercise of the court’s power under Rule 60(b)(6), except that the motion for relief from the judgment must be made “within a reasonable time.”
This court has held that 60(b)(6) is to be used “only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.” Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir. 1989). Rule 60(b)(6) specifically states that the grounds under 60(b)(6) are “other” reasons justifying relief. This can mean nothing less than reasons not stated in 60(b)(1) and the other exceptions. A *227 second reason why the plain language of the statute indicates that the exceptions must be mutually exclusive is that the time limitation placed upon the four discrete grounds stated in Rule 60(b)(1) would otherwise be rendered nugatory by action of 60(b)(6), which is without time limit.
Fuller, 916 F.2d at 360.
¶52 I agree with the analysis in Fuller and would conclude that Rule 60(b)(6) cannot be used to overcome a movant’s failure to meet the time limitations on claims covered by the reasons set forth in subsections 60(b)(lM3).
¶53 Zabawa and the District Court both rely on Maulding, which I find distinguishable. However, to the extent Maulding implies that subsection (6) can be used when subsections 60(b)(l)-(5) are applicable or after the sixty-day statute of limitations has run, I would overrule Maulding.
¶54 For the foregoing reasons, I would reverse the District Court and remand with instruction to reinstate the default judgment against Zabawa. I therefore dissent.
JUSTICES NELSON and RICE join in the Dissent of JUSTICE COTTER.