JUSTICE NELSON
dissents.
¶29 I dissent from the Court’s decision.
¶30 This case is on all fours factually with this Court’s decision in Matthews v. Don K Chevrolet, 2005 MT 164, 327 Mont. 456, 115 P.3d 201. In that case, this Court denied setting aside the default judgment when defendant’s counsel attempted to blame his secretary for failing to calendar the time to respond; for misfiling the complaint and summons in another file; and on the basis that his office was in confusion because he was moving offices. Matthews, ¶ 13. We rejected *406 these reasons as constituting excusable neglect on the part of defense counsel. Matthews, ¶¶ 18-19. And, we determined that, on these facts, the trial court did not slightly abuse its discretion in denying Don K Chevrolet’s motion to set aside the entry of default and the default judgment against it. Matthews, ¶ 20.
¶31 In the case at bar, counsel for The Armored Group, LLC (TAG) offers excuses which are not substantively different than those proffered in Matthews. Here, counsel claims that at the time he was served with the summons, he was a solo practitioner in the process of merging with another practice to form a new partnership. Counsel states that his office was “in flux.” He also claims that office personnel were preparing and stamping an outgoing mailing announcing the official January 16, 2009 date establishing the new law firm, and that the date stamp was dialed forward to January 16,2009. TAG’s counsel maintains that the office personnel ‘inadvertently stamped the incorrect receipt date on the Complaint” with the result that TAG’s answer date for the summons was miscalendared. As a result, TAG did not timely answer Grizzly’s summons and complaint.
¶32 While the Court seeks to distinguish Matthews from the case at bar factually, the bottom line is that, having been properly served, TAG’s counsel miscalendared his client’s appearance date; neglected to retain Montana counsel until 23 days after his client was served; did nothing aside from leaving one ambiguous message on Grizzly’s counsel’s cell phone; and then sought to blame his office staff for his own carelessness. We have not, heretofore, lowered the bar to accommodate neglectful attorneys such as TAG’s counsel. Rather, we have held that counsel has an independent duty to monitor the litigation and to make sure his client’s answer is timely filed, Profess. Sports v. Nat. Indoor Foot. League, 2008 MT 98, ¶¶ 42-45, 342 Mont. 292, 180 P.3d 1142; that failure to appear due to forgetfulness and the press of other business does not establish excusable neglect, Morris v. Frank Transp. Co., 184 Mont. 74, 76, 601 P.2d 698, 699 (1979); and that the neglect of an attorney is attributable to the client, Lords v. Newman, 212 Mont. 359, 367-68, 688 P.2d 290, 295 (1984). Today, we ignore these well-established rules, and we create one that rewards this sort of neglect. I would just follow our existing case law.
¶33 I cannot conclude that there is any substantive difference between the facts in Matthews, the cases cited above, and those here. We should follow our precedent and affirm the trial court.
¶34 I dissent from our failure to do so.