

DA 09-0685

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 150N

IN RE THE MARRIAGE OF
ALBERT S. GOLLNICK,

      Petitioner and Appellee,

  and

JANE S. GOLLNICK,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DR 09-77
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joan E. Cook, Law Office of Joan E. Cook; Missoula, Montana

      For Appellee:

          Matthew Baldassin, Datsopoulous, MacDonald & Lind, P.C.;
Missoula, Montana

                         Submitted on Briefs:  June 9, 2010

                               Decided:  July 13, 2010

Filed:

        _____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jane S. Gollnick (Jane) appeals from the order of Twenty-First Judicial District Court, Ravalli County, denying her motion to set aside judgment.

¶3 The issue on appeal is as follows:

¶4 **Did the District Court err in denying Jane's motion to set aside the default judgment?**

¶5 On April 10, 2009, Albert Gollnick (Albert) appeared pro se and filed a petition for dissolution of his marriage to Jane. Five days later, on April 15, 2009, the Ravalli County Sheriff's Office served Jane with Albert's petition which included his preliminary declaration of assets, debts, income and expenses, as well as notice of service, notice and acknowledgement of receipt of summons and petition, sensitive data form, and the summons and economic restraining order. Jane did not respond to Albert's petition or make an appearance. As a result, on May 12, 2009, Albert filed a request for entry of default judgment and an application for default judgment. Jane's default was entered on May 12, 2009, and on July 2, 2009, the District Court set a hearing for entry of default judgment and final decree of dissolution.

2

¶6 The day before the hearing, Doctor Richard Felix faxed a letter to the District Court requesting that the final decree be postponed and informing the District Court that Jane had been hospitalized since June 28, 2009.

¶7 On July 2, 2009, Albert appeared for the hearing and Jane did not. The District Court advised Albert of the letter from Doctor Felix and Albert gave sworn testimony that the property division he requested was equitable and that it was the same division proposed in the petition for dissolution he had served on Jane. The District Court found the parties' marriage irretrievably broken and ordered it dissolved. Over three months later, on October 9, 2009, Jane made her first appearance by filing her motion to set aside the judgment. On December 2, 2009, the District Court issued its order denying Jane's motion to set aside judgment. Jane appeals.

¶8 On appeal, Jane argues that the District Court erred in several ways when it denied her motion to set aside judgment. First, Jane asserts that in light of Doctor Felix's letter to the District Court, the District Court should not have entered the default and decree based on Albert's representations. She maintains that her depression and treatment for depression left her without the capacity to make reasonable decisions regarding her situation. In support of this argument, Jane offers her "Discharge Plan" indicating that she was discharged from the hospital on July 2, 2009. Second, Jane contends that the District Court's judgment should be set aside because "Albert failed to file an adequate disclosure of all assets, liabilities and income." She argues that the District Court shirked its duty to inquire into Albert's disclosure, particularly with respect to discrepancies regarding his pensions, income, and assets. Third, Jane asserts that the District Court's

3

division of property is inequitable and "constitutes an abuse of discretion." Finally, Jane argues that the District Court erred by "awarding relief to Albert that was over and above what was initially requested in his [p]etition for [d]issolution."

¶9 Albert counters that as a threshold matter, Jane waived her argument that the District Court's distribution of the property was inequitable and different from what Albert sought. He further contends that Jane did not present the "Discharge Plan" to the District Court and that she therefore, should not be able to present it on appeal. Albert also maintains that Jane failed to request below and thus, cannot argue here, that she is entitled to relief pursuant to M. R. Civ. P. 55(c) and 60(b). Nevertheless, Albert argues that the District Court's analysis under both M. R. Civ. P. 55(c) and 60(b) was not an abuse of discretion. He points out that even though "Jane failed to comply with procedural rules throughout the proceeding below" the District Court considered whether the circumstances entitled Jane to relief and correctly denied her motion to set aside judgment.

¶10 As default judgments are not favored, we review a district court's denial of a motion to set aside judgment for only a slight abuse of discretion. *ABC Collectors, Inc. v. Birnel*, 2008 MT 35, ¶ 10, 341 Mont. 310, 176 P.3d 1067. A District Court abuses its discretion if its order is arbitrary, shows no conscientious judgment or exceeds the bounds of reason. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 19, 338 Mont. 423, 166 P.3d 451.

¶11 A party seeking to set aside a default judgment entered by a district court must satisfy M. R. Civ. P. 60(b). *Tschida v. Rowe*, 2003 MT 192, ¶ 12, 316 Mont. 503, 74

4

P.3d 1043. Here, despite the fact that Jane failed to argue she was entitled to relief under M. R. Civ. P. 60(b) and failed to make an appearance, file an answer, make an objection or file her own financial disclosure statements until nearly six months after she was served with Albert's petition, the District Court still engaged in a thorough analysis on the merits of Jane's motion to set aside judgment and came to the conclusion that Jane's motion failed to justify setting aside the judgment. Indeed, the District Court engaged in its analysis under M. R. Civ. P. 60(b), despite the fact that Jane failed to file her motion within the 60 day requirement.

¶12 Although Jane contends that her depression and consequent admission to St. Patrick's Hospital prevented her from understanding her situation or from appearing at the July 2, 2009 hearing, we find no merit in her argument that the District Court abused its discretion in entering judgment against her. Simply put, despite her knowledge of Albert's petition, Jane failed to take any action until long after judgment had been entered against her and even then failed to present sufficient evidence to support her request for relief.

¶13 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled

Montana law which the District Court correctly interpreted, and the record supports the District Court's denial of Jane's motion to set aside judgment.

¶14    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS