No. 89-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CYLENE BLUME,

      Plaintiff and Respondent,

  -vs-

METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          George C. Dalthorp and Dennis Nettiksimmons,
Crowley, Haughey, Hanson, Toole & Dietrich,
Billings, Montana

      For Respondent:

          Frank C. Richter, Richter & Torkelson, Billings,
Montana

Submitted on Briefs:  March 22, 1990

Decided:  May 3, 1990

Filed:

FILED '90 MAY 3 AM 10 30

_____
             Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Metropolitan Life Insurance Company appeals the denial of its motion to set aside a default judgment issued by the Thirteenth Judicial District Court, Yellowstone County. We find the District Court improperly denied the motion to set aside. We reverse.

The sole issue to be decided is whether the District Court abused its discretion in failing to set aside the default judgment entered against the defendant Metropolitan Life Insurance Company.

Plaintiff Cylene Blume filed a complaint against her former employer, Metropolitan Life Insurance Company (Metropolitan) alleging wrongful termination. Because Metropolitan is an out-of-state corporation, service was made through the State Auditor and Commissioner of Insurance, Andrea "Andy" Bennett, who sent the complaint, summons and discovery documents by certified mail, return receipt requested. The certified mail containing the summons, complaint and documents was received and entered in Metropolitan's mail log, but was apparently lost before anyone in a position of authority at Metropolitan ever saw the summons and complaint. Metropolitan failed to file an answer and a default judgment was eventually entered against Metropolitan in the amount of $185,986.43. Upon discovering the default judgment, Metropolitan immediately moved to set it aside and accompanied the motion with supporting affidavits. Because the District Court failed to rule on the motion within 45 days, it was deemed denied pursuant to Rule 60(c), M.R.Civ.P.

The Montana Rules of Civil Procedure allow for the setting aside of a default judgment:

2

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 55(c), M.R.Civ.P.

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment, order or proceeding was entered or taken, or, in a case where notice of entry of judgment is required by Rule 77(d), not more than 60 days after service of notice of entry of judgment.
> . . .

Rule 60(b), M.R.Civ.P.

Where a trial court denies a motion to set aside a default judgment the standard of review is that "no great abuse of discretion need be shown to warrant reversal," or, alternatively, "'slight abuse' is sufficient to reverse an order refusing to set aside a default." Lords v. Newman (1984), 212 Mont. 359, 364, 688 P.2d 290, 293. The Lords court, which drew a distinction between the standards of review applied to cases where motions to set aside default judgments had been granted and those that had been denied based its holding on two basic tenets: (1) every litigated case should be tried on its merits and default judgments are not favored and (2) trial courts have a certain amount of discretion when considering a motion to set aside a default judgment. Lords at 363, 688 P.2d at 293. Keeping in mind these underlying concerns we now turn to the merits of the appellant's arguments.

Clearly, the burden of proof rests on the party seeking to set

3

aside the default judgment. Rule 55(c), M.R.Civ.P. and Siewing v. Pearson Co. (1987), 226 Mont. 458, 461, 736 P.2d 120, 122.

As noted in Rule 55(c), a default judgment may only be set aside "for good cause shown." We have previously specified what is necessary to establish such good cause:

> "In order to justify the district court in granting the motion, the defendant was required to show: (a) That he proceeded with diligence; (b) his excusable neglect; (c) that the judgment, if permitted to stand, will affect him injuriously, and that he has a defense to plaintiff's cause of action upon the merits."

Kootenai Corp. v. Dayton (1979), 184 Mont. 19, 26, 601 P.2d 47, 51 (quoting Eder v. Bereolos (1922), 63 Mont. 363, 368, 207 P. 471, 472).

Metropolitan presented a great deal of evidence to support its motion to set aside the default judgment, including:

1. Metropolitan's mail room log, with an entry showing receipt of mail from Andrea Bennett on February 9, 1989.

2. An affidavit from a general clerk in the administrative staff in the law department in Metropolitan's home office, explaining the standard procedure for distributing mail such as that received from Andrea Bennett which is not addressed to a particular member of the law department, and stating the mail from Ms. Bennett should have been delivered to Janine Wright.

3. An affidavit from Janine Wright, senior paralegal at Metropolitan who receives all new litigation cases against Metropolitan, stating that she has no record of ever having received the mail from Ms. Bennett and concluding it never arrived in her in-box to be processed.

4

4. An affidavit from Marianne Feller, the administrative manager in Metropolitan's law department, stating that all mail not directed by name to a member of the law department would be given to her or a member of her staff from Janine Wright and that she has no independent recollection of ever having seen the mail in question.

5. An affidavit from Lynn DiStasio, assistant general counsel for Metropolitan, detailing (a) correspondence between her and plaintiff's counsel, Frank Richter, regarding Richter's representation of the plaintiff and other employees in Metropolitan's Billings office in a separate matter; (b) communication, by letter and by telephone, between her and Richter regarding Richter's representation of the plaintiff in connection with plaintiff's termination of employment with Metropolitan; (c) the lack of correspondence or phone calls from Richter, other than statements for his services, to Ms. DiStasio in connection with Richter's representation of the plaintiff after December 20, 1989; (d) the fact that she was unaware of the lawsuit brought by plaintiff before August 21, 1989; (e) the events leading to Metropolitan's discovery that a default judgment had been entered against Metropolitan; and (f) the immediate steps taken by Metropolitan to have the default set aside, including hiring a Billings law firm on August 22, 1989 to represent Metropolitan in this matter and requesting that that firm promptly move to set aside this default judgment.

6. A second affidavit from Lynn DiStasio detailing the thorough searches she made attempting to track down the missing mail from Andrea Bennett and stating this was the only piece of

5

mail reported missing for the whole of 1989. DiStasio also notes that while attorney Richter had threatened to file a lawsuit in this matter, DiStasio had no knowledge or information causing her to believe he actually intended to or did file the lawsuit on behalf of the plaintiff against Metropolitan.

The evidence presented by Metropolitan shows that, upon learning of the default judgment against it, Metropolitan proceeded with the utmost diligence. Metropolitan hired a Billings firm to represent it within days of discovering the default judgment and filed a motion to set aside the default judgment within a week of discovering the default. Also, the motion to set aside the default judgment was filed within 60 days after the entry of judgment, as required by Rule 60(b), M.R.Civ.P.

The evidence produced by Metropolitan further demonstrates that its failure to appear was not due to any inexcusable neglect or disrespect for the court or judicial process. There is no doubt that the summons and complaint sent by Commissioner of Insurance Andrea Bennett was received at the mail room of Metropolitan's home office in New York. What happened to the summons and complaint from that point is a mystery, but it is obvious from the affidavits of Metropolitan personnel that there is a tried and proven procedure in place at the Metropolitan home office for handling mail such as that from Andrea Bennett containing the summons and complaint. Metropolitan employees, including assistant general counsel DiStasio, made a concerted effort to find the mail after the discovery of the default judgment. The mail still has not been found, but it appears to be the only piece of mail reported missing during all of 1989.

6

> Negligence or inadvertence directly traceable to a party litigant or his attorney, no less excusable than that disclosed by this record, has many times been held sufficient to warrant the opening of a default, and trial courts have not infrequently been reversed for their refusal to set aside defaults under such circumstances.

Greene v. Montana Brewing Co. (1905), 32 Mont. 102, 107, 79 P. 693, 694. The neglect in Greene resulted from an inexperienced stenographer signing an acceptance of service and subsequently misplacing a complaint served upon the law firm for which she worked. The trial court's denial of the motion to set aside the default judgment in Greene was reversed by this Court. Here, as in Greene, the neglect is excusable.

There is no doubt that if the judgment is allowed to stand defendant Metropolitan will be injuriously affected. A judgment in excess of $185,000 adversely affects even the biggest corporation.

When Metropolitan filed its motion to set aside the default judgment it also filed a proposed answer to plaintiff's complaint. Metropolitan asserts that it had good cause to terminate plaintiff's employment because she participated in an unauthorized signing of a company document and improperly paid premiums on behalf of a policyholder. Metropolitan's proposed answer is sufficient to constitute a meritorious defense. No affidavit of merit is required. Keller v. Hanson (1971), 157 Mont. 307, 309, 485 P.2d 705, 707. The proposed answer does not have to demonstrate the truth of the allegation of the answer, and it is not appropriate to discuss the merits of the answer beyond finding a prima facie defense. Eder v. Bereolos (1922), 63 Mont. 363, 368,

7

207 P. 471, 472; Worstell v. Devine (1959), 135 Mont. 1, 6, 335 P.2d 305, 308.

Metropolitan has satisfied all four requirements for setting aside a default judgement. We hold the District Court abused its discretion in refusing to vacate the default judgment and we, therefore, reverse.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Diane G. Barz_

_John C. Sheehy_

_William E. Hunt Sr._

_R. C. McDonough_

_Fred J. Weber_
Justices

8