JUSTICE WEBER,
dissenting:
On October 15, 1990, Mr. Castor moved to modify the dissolution decree. The petition was set for hearing on December 6,1990. On the date of that hearing, Mrs. Castor requested a continuance of the hearing because notice of hearing was not received until November 30, 1990. The motion was granted and the hearing was reset for January 23,1991. On January 22,1991, the District Court, on its own order, vacated the hearing of January 23, 1991, and rescheduled the hearing for February 14,1991. As pointed out in the majority opinion, both parties received written notice of the continuance. The counsel for Mr. Castor who had initiated the proceeding failed to note the new date of the hearing. As a result neither Mr. Castor nor his attorney *505 were present at the hearing; and after waiting 40 minutes, testimony was taken from Mrs. Castor, and judgment was entered in her favor.
Counsel for Mr. Castor admits that it was his own failure to note the February 14 hearing which caused Mr. Castor, his client, and himself to miss the hearing. He does not in any way attempt to cover this up. He points out that his practice was to maintain two calendars with notes of scheduled court appearances and filing deadlines and to notify clients promptly when they must attend a hearing. He failed to follow that practice in this instance.
The majority points out that it will not review a decision to grant or deny a Rule 60(b) motion absent abuse of discretion. That is only a partial statement of the rule as we have most recently applied it. Using a federal Seventh Circuit Court case as authority, the majority further states that generally mistake, inadvertence and excusable neglect require some justification beyond an error, mere carelessness or ignorance of the law.
This Court’s 1990 authority on the same issue is set forth in Blume v. Metropolitan Life Ins. Co. (1990), 242 Mont. 465, 791 P.2d 784. In Blume the plaintiff filed a complaint against Metropolitan Life Insurance Co. (Metropolitan) and service was made on the State Auditor and Commissioner of Insurance. The complaint, summons and discovery documents were mailed by certified mail and were received by Metropolitan. Apparently the same were lost. Metropolitan failed to file an answer and a default judgment was eventually entered in the amount of $185,986.43. In Blume we cited the following as the controlling standard to be applied in considering the District Court’s refusal to set aside the default judgment entered against Metropolitan. The unanimous Court stated:
“Where a trial court denies a motion to set aside a default judgment the standard of review is that no great abuse of discretion need be shown to warrant reversal, or, alternatively, ‘slight abuse’is sufficient to reverse an order refusing to set aside a default. The Lords court, which drew a distinction between the standards of review applied to cases where motions to set aside default judgments had been granted and those that had been denied based its holding on two basic tenets: (1) every litigated case should be tried on its merits and default judgments are not favored and (2) trial courts have a certain amount of discretion when considering a motion to set aside a default judgment ...” (Citations omitted.) (Emphasis added.)
Blume, 791 P.2d at 785. The Court then set forth a great deal of the evidence submitted by Metropolitan to support its motion to set aside *506 the default judgment, including the entry from the Metropolitan log which showed that the mail was received from the Commissioner on February 9, 1989; and affidavits of various other persons who normally would have received information and acted in connection with litigation, but all failed to do so. The Court concluded that the evidence produced by Metropolitan demonstrated that its failure to appear was not due to any inexcusable neglect or disrespect for court or judicial process. They pointed out that it was a mystery what happened to the summons and complaint after it arrived at Metropolitan — although there is no argument that it did arrive at Metropolitan. The majority in Blume then quoted from a 1905 Montana case which stated:
“Negligence or inadvertence directly traceable to a party litigant or his attorney, no less excusable than that disclosed by this record, has many times been held sufficient to warrant the opening of a default, and trial courts have not infrequently been reversed for their refusal to set aside defaults under such circumstances.” (Emphasis added.)
Blume, 791 P.2d at 787. Blume then concluded that the neglect in the 1905 case, where an inexperienced stenographer signed an acceptance of service and then misplaced a complaint and summons, was comparable to the loss of summons and complaint in Blume. Blume then pointed out that the judgment would adversely effect Metropolitan because the amount of the judgment exceeded $185,000.
In 1990, we concluded in Blume that an unexplained loss of a summons and complaint and subsequent failure to appear was excusable neglect. Under the present majority opinion, we are concluding that the unexplained failure to appear for a continued hearing was somehow more reprehensible than the loss of a summons and complaint. I find no basis for such a distinction.
I conclude that the neglect on the part of counsel for Mr. Castor was excusable in the same manner that the neglect on the part of Metropolitan and its various personnel was excusable. As in Blume, the judgment here adversely effected Mr. Castor. As in Blume Mr. Castor’s counsel moved promptly to set aside the default. In addition, we point out that Mr. Castor in this case was the party who originally petitioned for the modification and who has been denied his opportunity to present any evidence.
Based upon Blume I would conclude that the District Court abused its discretion and vacate the default judgment.